# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br>vs<br>GABRIEL RUIZ-GERARDO,<br>                            Defendant. | CASE NO. 13CR983-LAB<br><br>**ORDER DENYING MOTIONS FOR REDUCTION OF SENTENCE**<br>[Doc. Nos. 46 & 48] |

In 2013, this Court sentenced Gabriel Ruiz-Gerardo to 70 months in custody after he pled guilty to possessing 11.89 kilograms of actual methamphetamine with the intent to distribute it. Ruiz-Gerardo has now filed a motion to vacate his sentence under 22 U.S.C. § 2255 [Doc. 46] and a second motion to reduce his sentence under 18 U.S.C. § 3582 [Doc. 48].

Beginning with the § 2255 motion, it comes more than a year after Ruiz-Gerardo's sentencing and is therefore late. *See* 22 U.S.C. § 2255(f). Ruiz-Gerrardo doesn't argue that any exception to the one year time bar applies, and none is apparent. Besides, Ruiz-Gerardo waived his right to collaterally attack his sentence if the Court followed the plea agreement he made with the Government, which the Court did. No relief is available under § 2255.

As far as Ruiz-Gerardo's alternative motion to reduce his sentence under § 3582(c), he is ineligible. Section 3582(c)(2) authorizes a court discretion to reduce a defendant's original sentence when the sentence is "based on" a guideline range that has subsequently

been lowered by an amendment to the Guidelines. After Ruiz-Gerardo was sentenced, the U.S. Sentencing Commission approved Amendment 782 to the Guidelines, which lowered the sentencing range for most drug offenses by 2 levels. The Commission also voted to make the changes retroactive. But Amendment 782 doesn't apply to Ruiz-Gerardo's original sentence since he admitted that he possessed for distribution more than 4.5 kilograms of actual methamphetamine and Amendment 782 did not lower the Guidelines for such large amounts of drugs.

In addition, in imposing the original sentence the Court granted a 4-level Fast Track departure and a 17-month variance from the low end of Ruiz-Gerardo's applicable Guideline range. When those concessions are backed out of his amended Guideline range, as they must be, *see United States v. Aragon-Rodriguez*, 624 Fed. Appx. 542, *3, 2015 U.S. App. LEXIS 21377 (9th Cir. Nov. 19, 2015) (the only Chapter Five departure that counts in calculating a defendant's amended Guideline range under § 3582(c) is for substantial assistance), the low end of the amended Guideline range remains higher than the sentence that the Court originally imposed. A court may not reduce a sentence under 3582(c)(2) unless the low end of the amended Guideline range is less than the sentence originally imposed. Here it's not.

In sum, Ruiz-Gerardo is not eligible to have his sentence reduced under either code section he relies on. His motion is **DENIED.**

**IT IS SO ORDERED**.

DATED: August 14, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge